1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11   HOWARD ZOCHLINSKI

12             Plaintiff,                    No. CIV S-08-24 LEW KJM PS

13        vs.

14   THE UNIVERSITY OF CALIFORNIA, et al.,

15             Defendants.                   ORDER

16   _____/

17             Plaintiff's motion for remand and defendants' motion to dismiss came on

18   regularly for hearing March 12, 2008.  Plaintiff appeared in propria persona.  Nancy Huneke

19   appeared for defendants.  Upon review of the documents in support and opposition, upon hearing

20   the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS

21   AS FOLLOWS:

22             This action, alleging civil rights claims arising out of plaintiff's pursuit of a Ph.D.

23   at the University of California, was removed from state court on January 3, 2008.  The complaint

24   was originally filed in state court on May 7, 2007.  Removal was timely because the removing

25   defendants were not served until December 10, 2007.  There is no procedural deficiency in the

26   removal petition.  The case was properly and timely removed on the basis of federal question

1

1  jurisdiction.   Because the removed complaint alleges damages, remand of this action would be

2  improper.  See generally Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004).  The court

3  also finds no basis for remand in plaintiff's assertion that he cannot receive a fair hearing in

4  federal court.  The motion for remand therefore will be denied.

5          Defendants move to dismiss for failure to state a claim.  Their contention that the

6  complaint is not a short and plain statement that puts defendants on notice of the claims brought

7  against them is well taken.  Causes of action are not separately set forth and although there is a

8  wealth of facts alleged, how those facts are tied to the alleged constitutional violations cannot be

9  fathomed.  Defendants contend leave to amend should not be granted because of plaintiff's

10  litigation history and the apparent attempt by plaintiff to reprise arguments arising out of

11  plaintiff's disqualification from continued participation in the graduate program in 1993.

12  However, although the complaint is garbled and repeats the long history of plaintiff's association

13  with the University, plaintiff also has attempted in the first paragraph of the removed complaint

14  to separate out past claims from the conduct giving rise to the instant action.

15          In the instant complaint, plaintiff challenges conduct of defendants taken after the

16  vote of the Representative Assembly of the Academic Senate, which was held on February 28,

17  2005.  Plaintiff alleges he did not become aware of the wrongful conduct taken after the February

18  28, 2005 vote until May 5, 2005.  Leave to amend will be granted.  However, in the amended

19  complaint, plaintiff must allege claims for damages only under 42 U.S.C. § 1983 for violation of

20  constitutional rights under the Fourteenth Amendment attributable to conduct occurring within

21  the statute of limitations.

22  /////

23  /////

24  /////

25  /////

26  /////

1     For purposes of amending the complaint, plaintiff is advised that the Civil Rights

2  Act provides as follows:

3          Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
4          deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
5          law, suit in equity, or other proper proceeding for redress.

6  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

10 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

11 omits to perform an act which he is legally required to do that causes the deprivation of which

12 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13     Moreover, supervisory personnel generally are not liable under § 1983 for the

14 actions of their employees under a theory of respondeat superior and, therefore, when a named

15 defendant holds a supervisorial position, the causal link between him or her and the claimed

16 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

17 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

18 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

19 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

20 Cir. 1982).

21     For guidance in drafting an amended complaint, plaintiff is directed to McHenry

22 v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of Appeals upheld

23 the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and

24 largely irrelevant.  It consists largely of immaterial background information."  It observed that the

25 Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id.  As

26 /////

3

a model of concise pleading, the court quoted the standard form negligence complaint from the

Appendix to the Federal Rules of Civil Procedure:

> 1.  Allegation of jurisdiction.
>
> 2.  On June 1, 1936, in a public highway, called Boylston Street, in
> Boston Massachusetts, defendant negligently drove a motor vehicle
> against plaintiff, who was then crossing said highway.
>
> 3.  As a result plaintiff was thrown down and had
> his leg broken, and was otherwise injured, was
> prevented from transacting his business, suffered
> great pain of body and mind, and incurred expenses
> for medical attention and hospitalization in the sum
> of one thousand dollars.
>
> > Wherefore plaintiff demands judgment
> > against defendant in the sum of one thousand
> > dollars.

Id.

Phrased another way,  "Vigorous writing is concise."  William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13.  Accordingly, any amended complaint **shall not exceed twenty pages**.

Defendant also contends that because of the parallel state proceedings, this court should abstain under Younger and dismiss the federal action.  Dismissal is improper in light of the damages allegations.  Abstention, however, appears appropriate under the Pullman abstention doctrine.  Invoking Pullman abstention is appropriate when the federal complaint requires resolution of a sensitive question of federal constitutional law, the constitutional question could be mooted or narrowed by a definitive ruling on state law issues, and the possibly determinative state law issue is unclear.  The San Remo Hotel v. City and County of San Francisco, 145 F.3d

1095, 1104 (9th Cir. 1998).  <u>Pullman</u> abstention promotes a "harmonious federal system by avoiding a collision between the federal courts and state . . . legislatures."  <u>Id</u>. at 1105 (<u>citing</u> <u>Waldron v. McAtee</u>, 723 F.2d 1348, 1351 (7th Cir. 1983)).  Admission, continued enrollment in a state supported school, conferral of advanced degrees, and the power of the University's Academic Senate is a sensitive area of social policy that meets the first requirement of <u>Pullman</u>. <u>Cf</u>. <u>San Remo</u>, 145 F.3d at 1105 (constitutional questions arising out of land use planning meet first <u>Pullman</u> requirement).  At the heart of plaintiff's claims is plaintiff's fundamental assertion that he has a vested property interest in enrollment in the graduate program and conferment of a Ph.D.  Whether that right has been conferred by the State is an unclear matter of state law that will be decided in the state court mandamus action.  Absent that right, plaintiff's claims here are mooted.  The court therefore will abstain under <u>Pullman</u>.

Defendants object to plaintiff's request for judicial notice.  Plaintiff has requested judicial notice of a variety of documents filed in the state court proceedings.  These documents are not relevant to these proceedings and plaintiff makes no attempt to point out which adjudicative facts contained in the documents are properly subject to judicial notice.  Defendants' objections will be sustained.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for remand is denied.

2.  The motion to dismiss is granted with leave to amend within sixty days of resolution of the state mandamus proceedings to allege claims for damages only under 42 U.S.C. § 1983, for violation of constitutional rights under the Fourteenth Amendment attributable to conduct occurring within the statute of limitations.  The amended complaint shall not exceed twenty pages in length.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3.  This action is stayed pending completion of the state mandamus action.

4.  Defendants' objections to plaintiff's request for judicial notice are sustained.

1    5.  Defendants are directed to advise the court within thirty days of the resolution

2  of the state mandamus proceedings.

3    6.  Plaintiff's amended complaint, filed March 5, 2008 (docket no. 25), is stricken

4  from the record.

5    7.  The Clerk of Court is directed to administratively close this action pending

6  defendant's notice of completion of the state mandamus proceedings.

7  DATED:  March 25, 2008.

8

9  _____
   U.S. MAGISTRATE JUDGE

10  006
    zochlinski.stay

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26