UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ZOCHLINSKI, | No. 2:08-cv-0024 TLN CKD PS |
| Plaintiff, | |
| v. | ORDER |
| UNIVERSITY OF CALIFORNIA BOARD OF REGENTS, et al., | |
| Defendants. | |

This action was stayed on March 26, 2008 and defendants were directed to advise the court when the state mandamus proceedings were completed. The court has now been advised that there has been final resolution of the state mandamus proceedings.

In determining that this action should be stayed, the court noted the following:

> Abstention . . . appears appropriate under the Pullman abstention doctrine. Invoking Pullman abstention is appropriate when the federal complaint requires resolution of a sensitive question of federal constitutional law, the constitutional question could be mooted or narrowed by a definitive ruling on state law issues, and the possibly determinative state law issue is unclear. The San Remo Hotel v. City and County of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998). Pullman abstention promotes a "harmonious federal system by avoiding a collision between the federal courts and state . . . legislatures." Id. at 1105, citing Waldron v. McAtee, 723 F.2d 1348, 1351 (7th Cir. 1983). Admission, continued enrollment in a state supported school, conferral of advanced degrees, and the power of the University's Academic Senate is a

1

sensitive area of social policy which meets the first requirement of Pullman. Cf. San Remo, 145 F.3d at 1105 (constitutional questions arising out of land use planning meet first Pullman requirement). At the heart of plaintiff's claims here is plaintiff's fundamental assertion that he has a vested property interest in enrollment in the graduate program and conferment of a Ph.D. Whether that right has been conferred by the State is an unclear matter of state law that will be decided in the state court mandamus action. Absent that right, plaintiff's claims here are mooted. The court will therefore abstain under Pullman.

ECF No. 28 at 4:22-5:11.

In light of the Superior Court's judgment in favor of the Regents of the University of California in the state mandamus action, it appears that plaintiff's claims in this action are moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to reopen this action.

2. No later than June 26, 2013, plaintiff shall show cause why this action should not be dismissed on mootness grounds.

3. No later than July 10, 2013, defendants may file a reply to plaintiff's response to the order to show cause.

4. The matter will thereafter stand submitted.

Dated: June 3, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 zochlinski.osc