UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ZOCHLINSKI,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CALIFORNIA<br>BOARD OF REGENTS, et al.,<br><br>Defendants. | No. 2:08-cv-0024 TLN CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This action was stayed on March 26, 2008. In determining that this action should be stayed, the court noted the following:

> Abstention . . . appears appropriate under the Pullman abstention doctrine. Invoking Pullman abstention is appropriate when the federal complaint requires resolution of a sensitive question of federal constitutional law, the constitutional question could be mooted or narrowed by a definitive ruling on state law issues, and the possibly determinative state law issue is unclear. The San Remo Hotel v. City and County of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998). Pullman abstention promotes a "harmonious federal system by avoiding a collision between the federal courts and state . . . legislatures." Id. at 1105, citing Waldron v. McAtee, 723 F.2d 1348, 1351 (7th Cir. 1983). Admission, continued enrollment in a state supported school, conferral of advanced degrees, and the power of the University's Academic Senate is a sensitive area of social policy which meets the first requirement of Pullman. Cf. San Remo, 145 F.3d at 1105 (constitutional questions arising out of land use planning meet first Pullman requirement). At the heart of plaintiff's claims here is plaintiff's fundamental

1

> assertion that he has a vested property interest in enrollment in the graduate program and conferment of a Ph.D. Whether that right has been conferred by the State is an unclear matter of state law that will be decided in the state court mandamus action. Absent that right, plaintiff's claims here are mooted. The court will therefore abstain under Pullman.

ECF No. 28 at 4:22-5:11.

The state court mandamus proceedings are now complete. Defendants have submitted copies of the relevant state court decisions. ECF No. 38. The mandamus action determined plaintiff does not have a protected property interest in enrollment in the graduate program at the University of California, Davis or in conferment of a Ph.D. Plaintiff's remaining damage claim in the pending federal court action is therefore moot because the asserted underlying property right does not exist. This action should therefore be dismissed as moot.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 18, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 zochlinski.57