UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ZOCHLINSKI, | No. 2:08-cv-0024 TLN CKD PS |
| Plaintiff, | |
| v. | ORDER |
| UNIVERSITY OF CALIFORNIA BOARD OF REGENTS, et al., | |
| Defendants. | |

This matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On July 18, 2013, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 40.) Plaintiff has filed objections to those findings and recommendations. (ECF Nos. 44, 46.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. The Court adopts the findings and recommendations in part. The Court finds that the decisions in Plaintiff's parallel state court action foreclose Plaintiff's constitutional claims to the extent that they allege procedural and substantive due process violations by Defendant. *See Zochlinksi v. Regents of the Univ. of Cal.*,

1

Nos. C064600, C065103, 2013 WL 120715 (Cal. Ct. App. Jan. 10, 2013) (unpublished). Plaintiff cannot articulate a protectable property interest to satisfy his due process claims, but even assuming there is a protectable property interest, the California Court of Appeal held that Defendant's refusal to reinstate Plaintiff in the graduate program was neither arbitrary nor capricious. *Id.* at *10–12; *see also Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223–27 (1985) (rejecting procedural and due process claims brought by student against state university); *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 92 (1978) (affirming dismissal of medical student's due process claims against public university); *Lachtman v. Regents of Univ. of Cal.*, 158 Cal. App. 4th 187, 199 (2007) (rejecting Ph.D. student's due process claims against UC Irvine).

Therefore, the Court adopts the findings and recommendations insofar as they dismiss Plaintiff's due process claims. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir. 1993) (affirming sua sponte dismissal of claim); *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (holding "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" so long as the parties are afforded notice and an opportunity to respond).

In all other respects, the Court declines to adopt the remaining findings and recommendations. *See, e.g.*, *Building 11 Investors LLC v. City of Seattle*, 912 F. Supp. 2d 972, 983 n. 6 (W.D. Wash. 2012) ("A claim for equal protection does not require a property interest."). Therefore, Plaintiff will be permitted to amend his complaint. In his amended complaint, Plaintiff shall comply with this order and also the previous order issued by this Court on March 26, 2008. (*See* ECF No. 28.) As stated in that order and as modified here, Plaintiff may allege claims for damages only under 42 U.S.C. § 1983 for violation of constitutional rights under the Fourteenth Amendment attributable to conduct occurring within the statute of limitations; and the amended complaint shall not exceed twenty (20) pages in length.

Finally, while the Court construes pro se pleadings liberally, the Court also notes Plaintiff's repeated attempts over the past few decades to seek the same relief through various lawsuits. *See Zochlinski v. Univ. of Cal.*, No. CIVS041702DFLPANPS, 2005 WL 2417649, at *5

(E.D. Cal. Sept. 7, 2005) ("Defendants have been tasked for more than ten years with defending the same set of facts in state and federal court. Plaintiff's repeated filings coupled with his failure adequately to present his claims suggests harassment as a motive this court should not further tolerate."). Therefore, as mentioned in this Court's Order dated March 26, 2008, should the Plaintiff fail to file an amended complaint in accordance with this Order, this Court will not hesitate to dismiss this action.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed July 18, 2013, are adopted in part;
2. Plaintiff's due process claims are dismissed with prejudice;
3. Plaintiff shall file an amended complaint in compliance with this Order within twenty-one (21) days of entry of this Order;
4. Defendant shall file a responsive pleading within fourteen (14) days of the filing of Plaintiff's amended complaint.

**IT IS SO ORDERED.**

Dated: January 23, 2014

_____
Troy L. Nunley
United States District Judge