UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD ZOCHLINSKI, | No. 2:08-cv-0024 TLN CKD PS |
| Plaintiff, | |
| v. | **ORDER** |
| UNIVERSITY OF CALIFORNIA BOARD OF REGENTS, et al., | |
| Defendants. | |

The parties appeared before this Court on June 19, 2014, with respect to Plaintiff's motion for a new trial or in the alternative to alter or amend the judgment, or in the alternative to excuse a late filing. (ECF No. 58.)[1] Counsel for Defendant and Plaintiff, appearing pro se, were present. For the reasons stated on the record and as augmented below, the Court DENIES Plaintiff's motion.

Reconsideration under Rule 59(e) is appropriate based on the following: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in

---

[1] Insofar as Plaintiff moves for a new trial, this motion is denied as a trial on the merits has never occurred. Similarly, Plaintiff's request for remittitur is denied as remittitur refers to the process by which a case be retried or that damages awarded by a jury be reduced.

1

controlling law. *SEC v. Platforms Wireless Int'l Corp.*, 617 F3d 1072, 1100 (9th Cir. 2010). Rule 60(b) allows a district court to provide relief from a final judgment on the grounds of, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "any other reason that justifies relief." Fed. R. Civ. P. 60; *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d at 1100.

As set forth below and on the record at hearing, the Court has reviewed Plaintiff's moving papers and reply and finds that Plaintiff is merely relitigating the denial of his motion for extension of time. On this ground alone, the Court denies Plaintiff's motion.

Even considering Plaintiff's arguments, the Court finds them unpersuasive. Plaintiff argues that his delay should be excused because he did not know what would be expected until other matters were settled and he received the Court's Order in January. This is false. This Court, through the Honorable Judge Mueller[2], informed Plaintiff of the necessary parameters of his amended complaint more than six years ago. (ECF No. 28 at 3–4.)

Plaintiff avers that his previous filings should not weigh against him because his other submissions did not require as much thought. However, Plaintiff's admission further belies his inexcusable failure to submit an amended complaint. Plaintiff had drafted an extensive initial complaint; Plaintiff needed only to rework the document to comply with Judge Mueller's order.

Plaintiff also objects to the declaration of Meaghan Snyder in support of Defendants' Opposition to Plaintiff's Motion for Extension of Time (ECF No. 51-1.) However, Exhibit B to the Snyder declaration is Plaintiff's letter that refers to several meetings in December 2013, further belying his assertion that he was unable to work on an amended complaint.

Plaintiff also asserts that his computers were not working. Computer issues however, do not constitute good cause or excusable neglect. *See Grow v. Garcia*, 459 Fed. Appx. 678, 679 (9th Cir. 2011) (unpublished). Indeed, parties proceeding pro se frequently submit documents in their own handwriting. Furthermore, the Court finds that Plaintiff's complaints of computer

---

[2] Judge Mueller signed the Order dated March 26, 2008, as a magistrate judge. Judge Mueller has since been elevated to District Judge of the Eastern District of California.

issues are unverifiable and implausible given the abundant filings and letters that he has presented in this case.[3]

Plaintiff also takes issue with the Court's reference to Magistrate Judge Nowinski's findings and recommendations that Defendants have been tasked for more than ten years with defending the same set of facts in state and federal court. The Court is well aware of the differences in Plaintiff's factual allegations, however, the gravamen of Plaintiff's suits are the same. To ignore the decade of litigation would be disingenuous.

Plaintiff states that his medical problems have caused him various difficulties that caused him to miss the Court deadline for filing an amended complaint, and cites several cases in support. *See, e.g.*, *Oliver v. Babcock*, No. 2:12-cv-2831 KJN P, 2013 U.S. Dist. LEXIS 71366 (E.D. Cal. May 20, 2013); *DeBonavena v. Conforte*, 88 F.R.D. 710, 712 (D. Nev. Jan. 28, 1981); *P.T. Busana Idaman Nurani v. Marissa by GHR Indus. Trading Corp.*, 151 F.R.D. 32, 35 (S.D.N.Y. 1993). However, crucial to the reasoning in these cases is that courts are loathe to punish blameless parties for their attorneys' failures. Here, however, for the reasons set forth above, Plaintiff is not similar to the blameless plaintiffs in those cases.

The Court also reiterates its finding that Plaintiff's proffered reasons for tardy filings are dubious. This Court has already granted several extensions and has previously cautioned Plaintiff that no further extensions would be granted.

For the reasons above, and reasons stated at hearing, the Court DENIES Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: June 26, 2014

Troy L. Nunley
United States District Judge

---

[3] Plaintiff also refers to his request for an attorney to be assigned to a case. While defendants in criminal actions have a constitutional right to be represented by an attorney, it is widely recognized that no such concurrent right is possessed by parties to civil actions. Indigent parties in civil actions who are unable to obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915(e). The decision to appoint counsel lies within the discretion of the court and Plaintiff has not demonstrated a likelihood of success on the merits or inability to articulate his claims in light of the complexity of the legal issues involved.